JS 44  (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Leque Ball

## DEFENDANTS

VisionQuest National, LTD.

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant **Pima County**
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
David Wesley Cornish, Esquire, 230 S. Broad St.,17th Fl.
Phila., PA  19102, (212) 444-2039

Attorneys *(If Known)*
Deasey, Mahoney & Valentini, LTD.,1601 Market Street, Suite 3400, Phila., PA  19103, (215) 587-9400, Gerald J. Valentini, Esquire Michael Rausch Esquire&J.D. Feenane

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1  U.S. Government Plaintiff
- [ ] 2  U.S. Government Defendant
- [ ] 3  Federal Question *(U.S. Government Not a Party)*
- [x] 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [x] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [x] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

[X] 360 Other Personal Injury (marked under TORTS / PERSONAL INJURY)

## V. ORIGIN *(Place an "X" in One Box Only)*

- [ ] 1  Original Proceeding
- [x] 2  Removed from State Court
- [ ] 3  Remanded from Appellate Court
- [ ] 4  Reinstated or Reopened
- [ ] 5  Transferred from Another District *(specify)*
- [ ] 6  Multidistrict Litigation - Transfer
- [ ] 8  Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. Section 1441

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND: [x] Yes  [ ] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*   JUDGE  See Attached    DOCKET NUMBER

DATE
May 09, 2023

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _____

Address of Defendant: _____ 4400 East Broadway Boulevard, Suite 501, Tucson, AZ 85711 _____

Place of Accident, Incident or Transaction: _____

---

*RELATED CASE, IF ANY:*

Case Number: _____ See Attached _____    Judge: _____    Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?    Yes ☐    No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?    Yes ☑    No ☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?    Yes ☐    No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?    Yes ☐    No ☑

I certify that, to my knowledge, the within case ☑ is ☐ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: _____ 05/09/2023 _____    *Must sign here* _____    58261 _____

*Attorney-at-Law / Pro Se Plaintiff*    *Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

*A.    Federal Question Cases:*

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Patent
☐ 6. Labor-Management Relations
☐ 7. Civil Rights
☐ 8. Habeas Corpus
☐ 9. Securities Act(s) Cases
☐ 10. Social Security Review Cases
☐ 11. All other Federal Question Cases
    *(Please specify):* _____

*B.    Diversity Jurisdiction Cases:*

☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☑ 6. Other Personal Injury *(Please specify):* _____
☐ 7. Products Liability
☐ 8. Products Liability – Asbestos
☐ 9. All other Diversity Cases
    *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _____ Gerald J. Valentini, Esq. _____, counsel of record *or* pro se plaintiff, do hereby certify:

☑ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

DATE: _____ 05/09/2023 _____    *Sign here if applicable* _____    58261 _____

*Attorney-at-Law / Pro Se Plaintiff*    *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

**EACH NEWLY REMOVED CASE IS TO BE RANDOMLY ASSIGNED AND THEN LATER CONSOLIDATED WITH THE CASES PENDING BEFORE JUDGE MCHUGH:**

**Nathaniel Torres v. VisionQuest National, LTD. No. 2:23-cv-1725**

**Reginald Stinnett v. VisionQuest National, LTD. No. 2:23-cv-1723**

**Robin Earl Parker v. VisionQuest National, LTD. No. 2:23-cv-1721**

**Marvin Shoffner v. VisionQuest National, LTD. No. 2:23-cv-1719**

**Xavier Jason Pagan v. VisionQuest National, LTD. No. 2:23-cv-1715**

**Keith Mull v. VisionQuest National, LTD. No. 2:23-cv-1713**

**Mujahid Matthews v. VisionQuest National, LTD. No. 2:23-cv-1711**

**Jamal Hellams v. VisionQuest National, LTD. No. 2:23-cv-1704**

**Javahn Griffin v. VisionQuest National, LTD. No. 2:23-cv-1691**

**Cornelius Crawford v. VisionQuest National, LTD. No. 2:23-cv-1689**

**Kahlil Lomax-Moore v. VisionQuest National, LTD. No. 2:23-cv-1401**

**Briana Carter v. VisionQuest National, LTD. No. 2:23-cv-1400**

**Robert Simmons v. VisionQuest National, LTD. No. 2:23-cv-01362**

**Freddy Dominiguez v. VisionQuest National, LTD. No. 2:23-cv-01360**

**Kertis Bradley v. VisionQuest National, LTD. No. 2:23-cv-01358**

**Carl Ballentine v. VisionQuest National, LTD. No. 2:23-cv-01357**

**Jabriel Allen v. VisionQuest National, LTD. No. 2:23-cv-01356**

**Henry Baynard, Jr. v. VisionQuest National, LTD. No. 2:23-cv-01100**

**Clarence Lee Allison v. VisionQuest National, LTD. No. 2:23-01078**

**Lamar Genie Fletcher v. VisionQuest National, LTD. No. 2:23-cv-00977**

**Emanuel David Patrick v. VisionQuest National, LTD. No. 2:23-cv-00976**

**DeAntwuan Woods v. VisionQuest National, LTD. No. 2:23-cv-00975**

**Mark Westwood v. VisionQuest National, LTD. No. 2:23-cv-00874**

**Raphael Spearman v. VisionQuest National, LTD. No. 2:23-cv-00873**

**Kasaon Murphy v. VisionQuest National, LTD. No. 2:23-cv-00872**

**Hasan Muhamad v. VisionQuest National, LTD. No. 2:23-cv-00871**

**Nyfeis Lighty v. VisionQuest National, LTD. No. 2:23-cv-00870**

**Niajee Cooper v. VisionQuest National, LTD. No. 2:23-cv-00868**

**Darnell Bason v. VisionQuest National, LTD. No. 2:23-cv-000867**

**Johnny Santiago-Rivera v. VisionQuest National, LTD. No. 2:23-cv-00801**

**Marquis Munroe v. VisionQuest National, LTD. No. 2:23-cv-00752**

**Khaleef Jones v. VisionQuest National, LTD. No. 2:23-cv-00751**

**Zahree Isaac v. VisionQuest National, LTD. No. 2:23-cv-00750**

**Jules Williams v. VisionQuest National, LTD. No. 2:23-cv-00749**

**Aaron Pickens v. VisionQuest National, LTD. No. 2:23-cv-00748**

**Keiff King v. VisionQuest National, LTD. No. 2:23-cv-00533**

**Isaiah Wyatte v. VisionQuest National, LTD. No. 2:23-cv-00531**

**Stefan Houser v. VisionQuest National, LTD. No.: 2:23-cv-00508**

**Jose Adorno v. VisionQuest National, LTD. No.: 2:23-cv-00209**

**Ruben Pagan v. VisionQuest National, LTD. No.: 2:23-cv-00206**

**Shawn Holloway v. VisionQuest National, LTD. No.: 2:23-cv-00178**

**Elijah Jason Fletcher v. VisionQuest National, LTD. No.: 2:22-cv-04990**

**Nakeem Coleman v. VisionQuest National, LTD. No. 2:22-cv-04488**

**Daquawan Redmond v. VisionQuest, LTD. No. 2:22-cv-04485**

**Kerry Hudson v. VisionQuest National, LTD. No. 2:22-cv-03956**

**Marcel Emanuel Johnson v. VisionQuest National, LTD. No.: 2:22-cv-03957**

**Antoine Coleman v. VisionQuest National, LTD. No. 2:22-cv-01726**

**Jerry Highly v. VisionQuest, National, LTD. No.:2:22-cv-01997**

**Carlos Valentine v. VisionQuest, National, LTD.  2:22-cv-01998**

## Per Judge Sanchez's April 29, 2022 and December 9, 2022 Orders, the below cases have been consolidated:

1. *Barron v. VisionQuest National, LTD*, No. 2:21-cv-04801-GAM

2. ~~*Rivers v. VisionQuest National, LTD*, No. 2:21-cv-04928-PD,  DISMISSED~~

3. *Gregory v. VisionQuest National, LTD*, No. 2:21-cv-04929-HB,

4. ~~*Harris, III v. VisionQuest National, LTD*, No. 2:21-cv-04938-JMY,~~

5. *Meyer v. VisionQuest National, LTD*, No. 2:21-cv-04940-GEKP

6. *Boxley v. VisionQuest National, LTD*. No. 2:22-cv-00380-GEKP

7. ~~*Vazquez v. VisionQuest National, LTD*. No. 2:22-cv-00410-KSM~~

8. *Wallace v. VisionQuest National, LTD*. No. 2:22-cv-00411-MSG

9. *Pitts v. VisionQuest National, LTD*. No. 2:22-cv-00680-AB

10. *Foster s v. VisionQuest National, LTD*. No. 2:22-cv-00682-JDW

11. *Herd v. VisionQuest National, LTD*. No. 2:22-cv-00976-AB

12. ~~*Shields v. VisionQuest National, LTD*. No. 2:22-cv-00981-JS - DISMISSED~~

13. ~~*Miney v. VisionQuest National, LTD*. No. 2:22-cv-01047-JHS   DISMISSED~~

14. *Hayes v. VisionQuest National, LTD*. No. 2:22-cv-01264-NIQA

15. *Nakeem Coleman v. VisionQuest National, LTD. No.* 2:22-cv-04488

16. *Daquawana Redmond v. VisionQuest National, LTD.* 2:22-cv-04485

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | |
|---|---|
| Leque Ball | CIVIL ACTION NO. |
| v. | |
| VisionQuest National, LTD. et al. | |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

## SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a)  Habeas Corpus – Cases brought under 28 U.S.C. §2241 through §2255.                       (  )

(b)  Social Security – Cases requesting review of a decision of the Secretary of Health
and Human Services denying plaintiff Social Security Benefits                              (  )

(c)  Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   (  )

(d)  Asbestos – Cases involving claims for personal injury or property damage from
exposure to asbestos.                                                                      (  )

(e)  Special Management – Cases that do not fall into tracks (a) through (d) that are
commonly referred to as complex and that need special or intense management by
the court. (See reverse side of this form for a detailed explanation of special
management cases.)                                                                         (  )

(f)  Standard Management – Cases that do not fall into any one of the other tracks.          ( x )

| | | |
|---|---|---|
| 05/09/2023 | | VisionQuest National LTD. |
| **Date** | **Attorney-at-law** | **Attorney for Defendant** |
| (215) 587-9400 | (215) 587-9456 | gvalentini@dmvlawfirm.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

**(Civ. 660) 10/02**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| LEQUE BALL | CIVIL ACTION |
| v. | NO. |
| VISIONQUEST NATIONAL, LTD. | |

### *NOTICE OF REMOVAL OF DEFENDANT*
### *VISIONQUEST NATIONAL, LTD.*

Defendant, VisionQuest National, LTD., by its attorneys, Deasey, Mahoney & Valentini, LTD., hereby removes the above-captioned action, which is presently in the Court of Common Pleas of Chester County, Pennsylvania, No. 2023-00233-TT, pursuant to 28 U.S.C. §1441 et seq. and in support thereof states as follows:

1.      On January 11, 2023, Plaintiff commenced this action by filing a Writ of Summons against VisionQuest National, LTD. in the Chester County Action.  A copy of that Writ is attached as Exhibit "1."

2.      On May 4, 2023, Plaintiff commenced this action by filing a Complaint against VisionQuest National, LTD. in the Chester County Action.  A copy of that Complaint is attached as Exhibit "2."

3.      This Notice is being filed within thirty days after VisionQuest National, LTD. received Plaintiff's Complaint, and within one year of the institution of Plaintiff's suit, in compliance with 28 U.S.C. §1446(b).

4.      In his Complaint, Plaintiff alleges that he is an adult individual and a resident of the Commonwealth of Pennsylvania, and upon information and belief, after reasonable investigation, Plaintiff is a domicile of Pennsylvania. (See Exhibit 2, ¶ 1).

1

5.      VisionQuest National, LTD. is a corporation organized and existing under the laws of the State of Arizona and its corporate headquarters office is located at 600 North Swan Road, Tucson, Arizona 85711-2102.

6.      Plaintiff further alleges in his Complaint that VisionQuest National, LTD maintains Pennsylvania corporate offices in Chester County, Pennsylvania. (See Exhibit 2, ¶ 3).

7.      However, while VisionQuest previously maintained a facility located at 150 East Pennsylvania Suite 430 Downingtown, Pennsylvania, that facility closed in September 2015, and has remained closed ever since that time.  At no time since September 2015 did VisionQuest National, LTD. maintain a corporate headquarters in Downingtown, Pennsylvania. See a copy of the affidavit of  Yousef Awwad, attached as Exhibit "3".

8.      In this action, Plaintiff seeks damages as a result of alleged harm caused to Plaintiff by the actions of Defendants employees, agents, staff and/or volunteers. (See Exhibit 2, ¶ 16).

9.      In Count I of his Complaint in the Chester County action, Plaintiff alleges that he sustained damages as the direct and proximate result of the carelessness, negligence, and/or recklessness of Defendant VisionQuest National, LTD.  In this Count, Plaintiff seeks damages "for an amount in excess of Fifty Thousand Dollars ($50,000.00), exclusive of prejudgment interest, costs and damages for pre-judgment delay, punitive damages, and such other legal and equitable relief as the Court deems appropriate".

10.     In Count II of his Complaint in the Chester County action, Plaintiff alleges that VisionQuest National, LTD. negligently supervised its employees, which caused Plaintiff to suffer injuries.  In this Count, Plaintiff seeks damages "for an amount in excess of Fifty Thousand Dollars ($50,000.00), exclusive of prejudgment interest, costs and damages for pre-judgment delay, punitive damages, and such other legal and equitable relief as the Court deems appropriate".

2

11.     In Count III of his Complaint in the Chester County action, Plaintiff alleges that VisionQuest National, LTD. negligently hired and retained its employees, which caused Plaintiff to suffer injuries.  In this Count, Plaintiff seeks damages "for an amount in excess of Fifty Thousand Dollars ($50,000.00), exclusive of prejudgment interest, costs and damages for pre-judgment delay, punitive damages, and such other legal and equitable relief as the Court deems appropriate".

12.     In Count IV of his Complaint in the Chester County action, Plaintiff alleges that VisionQuest National, LTD. was grossly negligent, which caused Plaintiff to suffer injuries.  In this Count, Plaintiff seeks damages "for an amount in excess of Fifty Thousand Dollars ($50,000.00), exclusive of prejudgment interest, costs and damages for pre-judgment delay, punitive damages, and such other legal and equitable relief as the Court deems appropriate".

13.     In Count V of his Complaint in the Chester County action, Plaintiff alleges that VisionQuest National, LTD. is liable for negligent infliction of emotional distress upon Plaintiff.  In this Count, Plaintiff seeks "for an amount in excess of Fifty Thousand Dollars ($50,000.00), exclusive of prejudgment interest, costs and damages for pre-judgment delay, punitive damages, and such other legal and equitable relief as the Court deems appropriate".

14.     In Count VI of his Complaint in the Chester County action, Plaintiff alleges that VisionQuest National, LTD. is liable for a breach of fiduciary duty to Plaintiff.  In this Count, Plaintiff seeks "for an amount in excess of Fifty Thousand Dollars ($50,000.00), exclusive of prejudgment interest, costs and damages for pre-judgment delay, punitive damages, and such other legal and equitable relief as the Court deems appropriate".

3

15.     Since the amount in controversy in this case is in excess of $75,000, and because Plaintiff and VisionQuest National, LTD. are domiciliaries of different States, this Court may exercise jurisdiction over this lawsuit pursuant to 28 U.S.C. §1332.

16.     This action may be removed to this Court by VisionQuest National, LTD. pursuant to 28 U.S.C. §1441(a) in that this case was initially brought in a state court within the geographical area of the Eastern District of Pennsylvania, and in that this Court has jurisdiction pursuant to 28 U.S.C. §1332(a).

17.     VisionQuest National, LTD. has given written notice of the filing of this Notice of Removal pursuant to 28 U.S.C. §1446(d), by filing this Notice of Removal with the Court of Common Pleas of Chester County and by giving written notice to counsel for Plaintiff. A copy of the Praecipe to File Notice of Removal as filed by VisionQuest National, LTD., is attached as Exhibit "4". A copy of the Notice to Plaintiff, given by VisionQuest National, LTD., is attached as Exhibit "5".

**WHEREFORE**, Defendant VisionQuest National, LTD. respectfully requests that the Chester County action be removed to this Court.

4

**DEASEY, MAHONEY & VALENTINI, LTD.**

BY:_____
      GERALD J. VALENTINI, ESQUIRE
      MICHAEL P. RAUSCH, ESQUIRE
      J.D. FEENANE, ESQUIRE
      Attorneys for Defendant,
      VisionQuest National LTD.
      1601 Market Street, Suite 3400
      Philadelphia, PA  19103
      (215) 587-9400/(215) 587-9456 – fax
      gvalentini@dmvlawfirm.com

Date: May 9, 2023

5

# EXHIBIT "1"

**Supreme Court of Pennsylvania**

**Court of Common Pleas**

**Civil Cover Sheet**

**CHESTER** County

| For Prothonotary Use Only: |
| Docket No: |
| **2023-00233-TT** |

*Filed and Attested by PROTHONOTARY 11 Jan 2023 10:19 PM M. SCHIAVONI*

*The information collected on this form is used solely for court administration purposes. This form does not supplement or replace the filing and service of pleadings or other papers as required by law or rules of court.*

**SECTION A**

**Commencement of Action**

___ Complaint    ✓ Writ of Summons    ___ Petition

___ Transfer from Another Jurisdiction    ___ Declaration of Taking

| Lead Plaintiff's Name: | Lead Defendant's Name: |
|---|---|
| **LEQUE BALL** | **VISIONQUEST NATIONAL, LTD** |

**Are money damages requested?**    Yes ___ No ✓

**Dollar Amount Requested:** ___ Within arbitration limits
(check one) ✓ outside arbitration limits

**Is this a Class Action Suit?**    Yes ___ No ✓

**Is this an MDJ Appeal?**    Yes ___ No ✓

Name of Plaintiff/Appellant's Attorney: David Wesley Cornish

___ **Check here if you have no attorney(are a Self-Represented [Pro Se] Litigant)**

**SECTION B**

**Nature of the Case:**    Place "X" to the left of the **ONE** case category that most accurately describes your **PRIMARY CASE.**

If you are making more than one type of claim, check the one that you consider most important.

**TORT***(do not include Mass Tort)*
- ✓ Intentional
- ___ Malicious Prosecution
- ___ Motor Vehicle
- ___ Nuisance
- ___ Premises Liability
- ___ Product Liability*(does not include mass tort)*
- ___ Slander/Libel/Defamation
- ___ Other:

**MASS TORT**
- ___ Asbestos
- ___ Tobacco
- ___ Toxic Tort - DES
- ___ Toxic Tort - Implant
- ___ Toxic Waste
- ___ Other:

**PROFESSIONAL LIABILITY**
- ___ Dental
- ___ Legal
- ___ Medical
- ___ Other Professional

**CONTRACT***(do not include Judgments)*
- ___ Buyer Plaintiff
- ___ Debt Collection: Credit Card
- ___ Debt Collection: Other
- ___ Employment Dispute: Discrimination
- ___ Employment Dispute: Other
- ___ Other

**REAL PROPERTY**
- ___ Ejectment
- ___ Eminent Domain/Condemnation
- ___ Ground Rent
- ___ Landlord/Tenant Dispute
- ___ Mortgage Foreclosure: Residential
- ___ Mortgage Foreclosure: Commercial
- ___ Partition
- ___ Quiet Title
- ___ Other:

**CIVIL APPEALS**

Administrative Agencies
- ___ Board of Assessment
- ___ Board of Elections
- ___ Dept. of Transportation
- ___ Statutory Appeal: Other
- ___ Zoning Board
- ___ Other:

**MISCELLANEOUS**
- ___ Common Law/Statutory Arbitration
- ___ Declaratory Judgement
- ___ Mandamus
- ___ Non-Domestic Relations
- ___ Restraining Order
- ___ Quo Warranto
- ___ Replevin
- ___ Other:

*2023-00233-TT*

| **Chester County** | Docket No: | |
|---|---|---|
| **Court of Common Pleas** | | **2023-00233-TT** |
| **Cover Sheet** | | |

| Plaintiff(s): (Name, Address) | Plaintiff's/Appellant's Attorney(circle one) |
|---|---|
| **LEQUE BALL** | (Name, firm, address, telephone and attorney ID#) |
| 1754 BENTLY DRIVE    PITTSBURGH, PA  15219 | **David Wesley Cornish** |
| | (215) 990-8686 Cornerstone Legal Group attorney ID#: 310865 |
| | 230 South Broad Street, 17th Floor, Philadelphia, PA 19102, US |

| Defendant(s): (Name, Address) | Are there any related cases? Please provide case nos. |
|---|---|
| **VISIONQUEST NATIONAL, LTD** | |
| 4400 EAST BROADWAY BOULEVARD SUITE 501  TUCSON, AZ 85711 | |

**Defendants who are proceeding without counsel are strongly urged to file with the Prothonotary a written statement of an address AND a telephone number at which they can be reached**

Commencement of Action (if applicable): __  Agreement for an Amicable Action  __ Motion to Confirm Arbitration Award
Notice of Appeal

| If this is an appeal from a Magisterial District Judgement, was appellant __ Plaintiff or __ Defendant in the original action? |
|---|

| Jury Trial Demanded    __ Yes  ✓ No |
|---|

| Nature of case if not on previous cover sheet - Please choose the most applicable |
|---|

| | |
|---|---|
| __ Annulment | __ Writ of Certiorari |
| __ Custody - Conciliation Required | __ Injunctive Relief |
| __ Custody - Foreign Order | __ Mechanics Lien Claim |
| __ Custody - No Conciliation Required | __ Issuance of Foreign Subpoena |
| __ Divorce - Ancillary Relief Request | __ Name Change |
| __ Divorce - No Ancillary Relief Requested | __ Petition for Structured Settlement |
| __ Foreign Divorce | |
| __ Foreign Protection from Abuse | |
| __ Paternity | |
| __ Protection from Abuse | |
| __ Standby Guardianship | |

| **Arbitration Cases Only** | **Notice of Trial Listing Date** |
|---|---|
| Arbitration Date  `mm/dd/yyyy` | Pursuant to C.C.R.C.P. 249.3, if this case is not subject to compulsory arbitration it will be presumed ready for trial twelve (12) months from the date of the initiation of the suit and will be placed on the trial list one (1) year from the date the suit was filled unless otherwise ordered by the Court. |
| Arbitration Time  `hh:mm:ss` | |
| Defendants are cautioned that the scheduling of an arbitration date does not alter the duty of the defendant to respond to the complaint and does not prevent summary disposition form occurring prior to the arbitration date. | |
| This matter will be heard by a Board of Arbitrators at the time and date specified but, if one or more of the parties is not present at the hearing, the matter may be heard at the same time and date before a judge of the court without the absent party or parties. There is no right to a trial *de novo* on appeal from a decision entered by a judge. | To obtain relief from automatic trial listing a party must proceed pursuant to C.C.R.C.P. 249.3(b), request an administrative conference and obtain a court order deferring the placement of the case on the trial list until a later date. |

**File with:** Chester County Justice Center, Prothonotary Office, 201 W. Market St., Ste. 1425, PO Box 2746, West Chester, PA 19380-0989

*2023-00233-TT*

These cover sheets must be served upon all other parties to the action immediately after filing.

Submit enough copies for service.

*2023-00233-TT*

IN THE COURT OF COMMON PLEAS OF CHESTER COUNTY, PENNSYL~~~

Filed and Attested by
PROTHONOTARY
11 Jan 2023 10:19 PM
M. SCHIAVONI

Leque Ball,                                       CIVIL DIVISION

              Plaintiff,                         No.:

     v.                                            **PRAECIPE FOR WRIT OF**
                                                   **SUMMONS**

VISIONQUEST NATIONAL LTD t/d/b/a
VISIONQUEST IN PENNSYLVANIA,

              Defendant.                 Filed on Behalf of the Plaintiff

                                      Counsel of Record for This Party:

                                       D. Wesley Cornish, Esquire
                                       PA ID 310865
                                       cornerstonelegalgroup@gmail.com

                                       Cornerstone Legal Group
                                       230 Broad Street, 17th Floor
                                       Philadelphia, PA  19102

                                       Phone: 212-444-2039
                                       Fax: 212-535-7365

*2023-00233-TT*

IN THE COURT OF COMMON PLEAS OF CHESTER COUNTY, PENNSYLVANIA

Leque Ball,                                              CIVIL DIVISION

           Plaintiff,                                    No.:

    v.

VISIONQUEST NATIONAL LTD t/d/b/a
VISIONQUEST IN PENNSYLVANIA,

           Defendant.


## PRAECIPE FOR WRIT OF SUMMONS

TO:    OFFICE OF THE PROTHONOTARY

    Kindly issue the Writ of Summons in the above-captioned matter.


                        Respectfully submitted,

                        Cornerstone Legal Group

                        s/D. Wesley Cornish
                        D. Wesley Cornish, Esquire
                        Attorney for Plaintiff

*2023-00233-TT*

## CERTIFICATE OF COMPLIANCE

I certify that this filing complies with the provisions of the *Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts* that require filing confidential information and documents differently than non-confidential information and documents.

Submitted by: Cornerstone Legal Group, LLC
Name: David Wesley Cornish, Esquire
Attorney No.: 310865
Signature: _____
**Dated**: January 10, 2023

## VERIFICATION

The facts set forth in the foregoing Motion are true and correct to the best of the undersigned's knowledge, information and belief and are verified subject to the penalties for unsworn falsification to authorities and perjury pursuant to state and United States law.

Submitted by: Cornerstone Legal Group, LLC
Name: David Wesley Cornish, Esquire
Attorney No.: 310865
Signature: _____
**Dated**: January 10, 2023

Respectfully Submitted,

D. Wesley Cornish, Esquire
Cornerstone Legal Group, LLC
230 South Broad Street, 17th Floor
Philadelphia, PA 19102
Phone: 888-313-1385
Supreme Court # 310865
**Dated**: January 10, 2023

*2023-00233-TT*



IN THE COURT OF COMMON PLEAS, CHESTER COUNTY
Fifteenth Judicial District of Pennsylvania
West Chester, Pennsylvania


LEQUE BALL
                        Plaintiff(s)

                                                    CASE NUMBER  2023-00233-TT
                v.
                                                    CIVIL ACTION - LAW

VISIONQUEST NATIONAL, LTD
                        Defendant(s)


**WRIT OF SUMMONS**


**TO:**   VISIONQUEST NATIONAL, LTD


**YOU ARE NOTIFIED THAT THE ABOVE-NAMED PLAINTIFF(S) HAS/HAVE COMMENCED AN
ACTION AGAINST YOU.**


**Date:** 01/11/2023                            Debbie Bookman

                                                **Prothonotary**


                                        **by:**

                                                **Deputy**


*2023-00233-TT*

# EXHIBIT "2"

**LEVY, BALDANTE, FINNEY & RUBENSTEIN, P.C.**
**By: Martin G. Rubenstein, Esquire**
**Attorney I.D. No. 35271**
**Stacy Hughes, Esquire**
**Attorney I.D. No. 208740**
**Danielle DerOhannesian**
**Attorney I.D. No.  325798**
**1845 Walnut Street, Suite 1300**
**Philadelphia, Pennsylvania 19103**
**(215) 735-1616**

**CORNERSTONE LEGAL GROUP**
**By: D. Wesley Cornish, Esquire**
**Attorney I.D. No.: 310865**
**230 S Broad St Fl 17**
**Philadelphia, Pennsylvania 19102**
**(888) 313-1385**

**ATTORNEYS FOR**
**PLAINTIFF, LEQUE**

*Filed and Attested by*
*PROTHONOTARY*
*04 May 2023 02:51 PM*
*C. Luna-Valente*

| | |
|---|---|
| LEQUE BALL<br>1754 Bently Drive<br>Pittsburgh, PA 15219<br>       Plaintiff<br><br>    v.<br><br>VISIONQUEST NATIONAL, LTD.<br>4400 East Broadway Boulevard<br>Suite 501<br>Tucson, AZ 85711<br>       Defendant | COURT OF COMMON PLEAS OF<br>CHESTER COUNTY<br><br>CIVIL ACTION<br><br>DOCKET NO. 2023-00233-TT<br><br>JURY TRIAL DEMANDED<br><br><br>**PLAINTIFF'S COMPLAINT** |

## PLAINTIFF'S COMPLAINT – CIVIL ACTION

Plaintiff, Leque Ball (hereinafter also referred to as "Plaintiff"), residing at 1754 Bently Drive, Pittsburgh, PA 15219, by his counsel, Martin G. Rubenstein, Esquire of Levy Baldante Finney & Rubenstein, P.C. demands entry of judgment in his favor and against Defendant, VisionQuest National Ltd. (hereinafter also referred to as "VisionQuest"), for the following reasons:

### PARTIES and VENUE

1.    Plaintiff, Leque Ball, is currently a citizen and resident of the Commonwealth of Pennsylvania.

2.      Defendant, VisionQuest, is a national service provider for youths and families. VisionQuest currently operates in five (5) states, Arizona, Delaware, Pennsylvania, Maryland, and Texas.

3.      VisionQuest has numerous facilities across the Commonwealth of Pennsylvania, with offices in Chester County, Pennsylvania.

4.      VisionQuest receives "clients" as part of a referral program wherein delinquent youths are legally sent to a specific VisionQuest facility as part of a rehabilitation or treatment process. VisionQuest conducts a Prospective Client Interview which includes the reason for the referral and determines, based on other factors, whether the client/youth is a fit for the recommended program. VisionQuest serves almost exclusively legally referred clients.

5.      At all times relevant hereto, VisionQuest ran a residential program located in Embreeville, Chester County, Pennsylvania. Plaintiff was housed for classification and assignment purposes for a portion of his commitment to VisionQuest at their Chester County facility in Embreeville, Pennsylvania.

6.      VisionQuest ran and/or runs residential programs located in Embreeville, Coatesville, and Franklin, Pennsylvania, among others.

7.      Defendant, VisionQuest, has a documented history of abuse against its students and/or residents.

8.      In 1987, the RAND Corporation, through a U.S. Department of Justice, Office of Juvenile Justice grant, issued a report documenting VisionQuest's "unorthodox" approaches to treatment of VisionQuest students and/or residents that risked harming the students and/or residents. https://www.ojp.gov/pdffiles1/Digitization/109581NCJRS.pdf

9.      In 1994, the U.S. Department of Justice documented the continued and extensive abusive at VisionQuest's Franklin, PA treatment center. This report included accounts of physical, sexual, and emotional abuse, including but not limited to: staff "grabbing a youth's groin"; staff punching and hitting youths; staff using physical restraints on youths that resulted in the youths' inability to breathe; staff using

4

abusive language towards youths; and VisionQuest providing unhygienic living conditions.

https://clearinghouse.net/doc/1642/

10.     Defendant, VisionQuest, was charged with supervising and controlling all staff and/or teachers at VisionQuest, including Barry, Rick, Michelle,, and/or other staff members.

11.     Defendant, VisionQuest, had/has access to and knowledge of information regarding the sexual, physical, and/or emotional misconduct of staff, teachers, and/or counselors including knowledge of the sexually abusive conduct of staff, teachers, and/or counselors at VisionQuest, including Barry, Rick, Michelle, and/or other staff members.

12.     At all relevant times, Defendant, VisionQuest, in this action was acting by and through themselves in their individual capacities, and/or additionally by and through their actual and/or ostensible agents, servants, employees, which include entities and/or individuals over whom they had control or right of control.

13.     At all times material hereto, Barry, Rick, Michelle, and/or other staff members were acting as staff, teacher, counselor, employee, agent, servant, representative and/or ostensible agent hired, certified, assigned, retained, supervised, managed, overseen, directed, administrated, and/or otherwise controlled by Defendant, VisionQuest, and was engaged to perform services for the Defendant, VisionQuest, and was subject to the Defendant, VisionQuest's, oversight, supervision, management, direction, control, ostensible control, and/or right to control the physical conduct required to perform such services.

14.     The Defendant, VisionQuest, was the principal of Barry, Rick, Michelle, and/or other staff members, and the Defendant, VisionQuest, acted only through the natural persons who were its staff, teacher, counselors, employees, agents, servants, representatives, and/or ostensible agents hired, certified, assigned, retained, supervised, managed, overseen, directed, administrated, and/or otherwise controlled by and for said Defendant.

15.     Barry, Rick, Michelle, and/or other staff members acted as the staff, teacher, counselor, employee, agent, servant, representative and/or ostensible agent of the Defendant, VisionQuest, acted

*2023-00233-TT*

negligently while in the scope of their duties or authority, such that the negligence as a matter of law charged to the principal, here the Defendant, VisionQuest.

16.     At all times material hereto, the Defendant, VisionQuest, are deemed negligent for the wrongdoing to the same extent as the staff, teacher, counselor, employee, agent, servant, representative and/or ostensible agent, Barry, Rick, Michelle, and/or other staff members.

## FACTUAL SUMMARY

17.     At all times material hereto, Plaintiff, Leque Ball, was a minor and was 14 years old when subjected to abuse by defendant VisionQuest in 2010.

18.     At all times material hereto, Leque Ball was a resident and/or student at VisionQuest South Mountain, in or around 2010.

19.     At all times material hereto, Barry was a staff member and/or teacher and/or counselor and/or ostensible agent at/of VisionQuest, in or around 2010.

20.     At all times material hereto, Rick was a staff member and/or teacher and/or counselor and/or ostensible agent at/of VisionQuest, in or around 2010.

21.     At all times material hereto, Michelle was a staff member and/or teacher and/or counselor and/or ostensible agent at/of VisionQuest, in or around 2010.

22.     In 2010, when Leque Ball was at or around 14 years old, Plaintiff was sexually abused by Barry, Rick, and Michelle during Plaintiff's time as a student and/or resident at VisionQuest.

23.     Plaintiff suffered sexual abuse during his second commitment to VisionQuest in his fourth month, prior to being released. Michelle called Plaintiff into her office and instructed Plaintiff that he had to perform oral sex on her for her to file his release paperwork. Plaintiff was shocked and confused.

24.     Michelle then pulled down her khaki pants and sat on her rolling chair with her legs open. Michelle was not wearing underwear.  Plaintiff was scared that if he did not comply he would not be released, therefore, Plaintiff reluctantly complied.

6

25.     As Plaintiff began to perform oral sex on Michelle, she demanded that he continue until she told him to stop.  Once Michelle orgasmed, she told Plaintiff to sit back on the chair and she was going to think about filing the paperwork so that he can be released.  Additionally, Michelle threatened Plaintiff and instructed him to not tell anyone about the sexual abuse.

26.     Ten days prior to Plaintiff's release, Barry escorted Plaintiff to a secluded section in the back of the school.  This section of VisionQuest was utilized by the staff, agents, and/or employees of VisionQuest for the students VisionQuest had determined needed a "timeout."  Barry discussed Plaintiff's upcoming release.  Barry threatened to tell Michelle not to file Plaintiff's paperwork if Plaintiff did not do what Barry told Plaintiff to do.

27.     Plaintiff asked Barry what he meant by his statements. Rick entered the secluded section behind the school.  Barry then said "I want you to give me some head" as Barry pulled his penis out from his pants.  Plaintiff responded "I ain't trying to do that."  Barry threatened to "slam" Plaintiff like Barry did the "last time" if Plaintiff did not comply.

28.     Afraid of being slammed again and not being able to return home, Plaintiff complied and performed oral sex on Barry's penis. Barry did not ejaculate during the abuse. Once Barry's needs were fulfilled, Barry pulled Plaintiff's head to stop the oral sex and instructed Plaintiff to perform oral sex on Rick's penis.

29.     Rick then exposed his penis and Plaintiff was made to perform oral sex on Rick.  After the abuse ended, Barry told Plaintiff "now you can go home" and sent Plaintiff back to the unit.

30.     Plaintiff was ultimately released from VisionQuest and as such, the sexual abuse stopped.

31.     In addition to being sexually abused at VisionQuest, Plaintiff was physically abused by various staff, including, but not limited to, Barry and Rick.

32.     Plaintiff was physically abused within thirty-days of his first commitment to VisionQuest at the age of approximately twelve and thirteen years old. Plaintiff was smacked in his face by a female staff member.

7

33.     Within the same timeframe, staff also made various threats to Plaintiff that he would never be able to go home.

34.     Within the same timeframe, Leslie, a VisionQuest staff member, physically abused Plaintiff under the guise of performing a restraint. After slamming Plaintiff on his back, Leslie put one of his knees on Plaintiff's neck, restricting Plaintiff's ability to breathe. Plaintiff was restrained in this position for multiple minutes. Plaintiff suffered from pain in his neck and back as a result of this abuse.

35.     Two months into Plaintiff's second commitment to VisionQuest, during which time he was also sexually abused, Plaintiff was restrained by Barry and Rick. Barry lifted Plaintiff off his feet and over Barry's head into the air. Barry then slammed Plaintiff on his head. Rick intervened and held Plaintiff's legs as Barry laid on Plaintiff's back and upper body for approximately twenty minutes. As a result of the abuse, Plaintiff sustained a knot on his head and a scratch on his eye which bruised when Plaintiff was slammed and his head hit the floor. Additionally, Plaintiff's body was in pain and sore.

36.     As a result of this abuse, Leque Ball felt enormous shame, humiliation, guilt, depression, anxiety, and anger.

37.     Leque Ball developed enormous depression, anxiety, and anger issues as a result of the sexual, physical, and/or emotional abuse he sustained at VisionQuest, including from Barry, Rick, Michelle, and/or other staff members.

38.     Plaintiff was abused by Barry, Rick, Michelle, and/or other staff members in the type and manner outlined above.

39.     It is further believed that Plaintiff was abused in additional ways and/or on additional occasions, but has emotionally suppressed partially and/or in whole these additional details and/or episodes of abuse.

40.     Barry, Rick, and Michelle, engaged in a calculated series of manipulation and grooming of Plaintiff during Plaintiff's time as student and/or resident at VisionQuest as described above.

41.     Barry, Rick, Michelle, and/or other staff members sexually abused Plaintiff, Leque Ball, while he was a minor during the period described above.

8

42.    During their tenure as a staff, teacher, counselor, employee, agent, servant, representative and/or ostensible agent hired, certified, assigned, retained, supervised, managed, overseen, directed, administrated, and/or otherwise controlled by and for one or more of the Defendant, VisionQuest, Barry, Rick, Michelle, and/or other staff members were serial molesters and sexual, physical, and/or emotional abusers of children, including Plaintiff, Leque Ball.

43.    Barry, Rick, Michelle, and/or other staff members committed their acts of abuse and molestation against Plaintiff, Leque Ball.

44.    The sexual abuse of Plaintiff by Barry, Rick, Michelle, and/or other staff members gradually increased in frequency and intensity over time.

45.    At all material times hereto, Defendant, VisionQuest, knew or should have known that Barry, Rick, Michelle, and/or other staff members sexually, physically, and/or emotionally abused children and/or was not fit to serve as a staff, teacher, counselor, employee, agent, servant, representative and/or ostensible agent.

46.    At all material times hereto, Defendant, VisionQuest, knew or should have known that Barry, Rick, Michelle, and/or other staff members had been and/or were abusing Plaintiff and/or other children at VisionQuest and at other locations visited by and/or related to VisionQuest activities, events, and/or duties.

47.    At all material times hereto, Defendant, VisionQuest, took no action and/or or failed to timely and adequately take action to warn or otherwise protect children of VisionQuest, including Plaintiff, from Barry, Rick, Michelle, and/or other staff members.

48.    At all times material hereto, as a result of the sexual abuse of Leque Ball by Barry, Rick, Michelle, and/or other staff members, Leque Ball felt enormous shame, humiliation, embarrassment, and self-loathing, and was extremely confused and conflicted about his sexuality and/or the role of sex, love, and intimacy in his life.

49.    At all times material hereto, as a result of the sexual abuse of Leque Ball by Barry, Rick, Michelle, and/or other staff members, Leque Ball has suffered from extreme difficultly navigating

9

intimate relationships, and he has experienced and continues to experience bouts of anger, difficulties when involved in relationships and attempting to be intimate in the context of these relationships.

50.    As a result of the sexual abuse set forth above, Plaintiff sustained significant bodily injury and harm, some or all which may be permanent in nature.

51.    As a result of the sexual abuse set forth above, Plaintiff suffered significant and permanent harm, including but not limited to, the following: severe emotional distress, extreme trauma, depression, anxiety, post-traumatic stress disorder (PTSD) symptoms, extreme weight gain and/or loss, humiliation, embarrassment, fear, shame, emotional dissociation, and/or loss of self-esteem and self-worth, all of which has and/or will continue to require counseling, therapy, and/or other treatment.

52.    Also, as a result of the sexual abuse set forth above and its consequential trauma and harm, Plaintiff has suffered a severe impairment and disruption of his enjoyment of life, identity, intimacy with loved ones and/or belief structure, including, but not limited to, the impairment and disruption of his relationship with members of his family, friends, acquaintances, and/or others.

53.    Also, as a result of the sexual abuse set forth above and its consequential trauma and harm, the Plaintiff suffered from destructive and dysfunctional behaviors, including, but not limited to, addictions (i.e., alcohol and/or drugs) and/or other mental health issues, all of which have required and/or will require counseling, therapy, and/or other treatment.

54.    Also, as a result of the sexual abuse set forth above and its consequential trauma and harm, the Plaintiff has incurred significant past loss of wages and future loss of earning capacity to his permanent detriment.

55.    The sexual abuse set forth above and its consequential trauma and harm, in turn, caused Plaintiff to suppress and/or emotionally dissociate his feelings about his traumatic experience(s), thereby exacerbating its devastating psychological, physical, and social consequences.

56.    Plaintiff was not fully aware of the causal relationship between the sexual abuse set forth above, and its consequential trauma and harm, until recently, and continues to endure and/or discover

*2023-00233-TT*

trauma and harm relative to the sexual and/or emotional abuse at the present time, which inflictions of trauma and harm shall and will continue in the future.

57.    Other victims' declarations and/or revelations of their experiences with sexual, physical, and/or emotional abuse and corresponding damages caused by such abuse prompted Plaintiff to realize he is not alone, and to acknowledge, address, and/or discover the connection between his abuse and his corresponding emotional distress, social dysfunction and/or other damages and to speak out concerning same.

58.    Now, in conformity with Pennsylvania law, Plaintiff brings the within action for damages.

59.    As alleged in greater detail herein above and/or below, all of Plaintiff's harm and damages were caused by the culpable acts and/or omissions of Defendant.

60.    As set forth more fully herein, the negligence, gross negligence, recklessness, and/or punitive behavior of the Defendant, individually, jointly and/or severally, was a direct and proximate cause of harm and damages to Plaintiff.

61.    Plaintiff's injuries and/or damages were caused solely by the negligence, gross negligence, recklessness, and/or punitive behavior of the Defendant, as set forth more fully herein, and were not caused or contributed thereto by any negligence, gross negligence, recklessness and/or punitive behavior on the part of the Plaintiff.

*NEGLIGENCE*

**COUNT 1 – NEGLIGENCE**

**Plaintiff Leque Ball**
**v.**
**Defendant VisionQuest**

62.    The previous paragraphs set forth above are incorporated herein by reference.

63.    The recklessness, negligence and/or carelessness of Defendant, VisionQuest, by and through their actual or apparent staff, teacher, counselors, employees, agents, servants, representatives,

11

*2023-00233-TT*

and/or ostensible agents hired, certified, assigned, retained, supervised, managed, overseen, directed, administrated, and/or otherwise controlled by and for said Defendant, consisted of, among other things, the following:

a.  Failing to properly screen VisionQuest staff, teacher, counselors, employees, agents, servants, representatives, and ostensible agents adequately before placing them in close contact with children;

b.  Failure to properly investigate complaints of sexual, physical, and/or emotional abuse, inappropriate behavior and/or other abusive behavior;

c.  Minimizing, ignoring or excusing inappropriate or questionable behavior and/or misconduct by VisionQuest staff, teacher, counselors, employees, agents, servants, representatives, and ostensible agents over a period of months, years and/or decades;

d.  Failure to properly and/or adequately warn judges, probation officers, court officials, law enforcement, parents, children, community members, and/or the public at large, including, but not limited to, Plaintiff and similarly situated children, and their parents and/or family members, regarding the inappropriate behavior and/or misconduct of Barry, Rick, Michelle, and/or other abusive staff, teacher, counselors, employees, agents, servants, representatives, and/or ostensible agents, despite knowledge of the dangers they presented and the harmful and complicit culture and environment created by such failures to warn;

e.  Assigning VisionQuest staff, teacher, counselors, employees, agents, servants, representatives, and/or ostensible agents known to have engaged in questionable and/or inappropriate behavior or misconduct and/or known to be sexual predators and/or physical abusers, including but not limited to, Barry, Rick, Michelle, and/or other staff members, to a position within VisionQuest where said individual(s) had/have regular contact with children;

f.  Failure to report criminal activity, including child abuse, to appropriate law enforcement agencies and/or authorities;

g.  Negligent failure to provide a safe environment and protective culture to children within the campus, resident halls, bathrooms, classrooms, and/or other external locations operated, visited, and/or owned by Defendant, VisionQuest;

h.  Failure to establish, implement, and maintain proper and effective policies and procedures to prevent sexual, physical, and/or emotional abuse of and/or other abusive behavior toward children;

i.  Negligently maintaining custody, supervision and protection of children placed in their care by virtue of their legal authority;

j.  Failure to properly train VisionQuest staff, teacher, counselors, employees, agents, servants, representatives, and/or ostensible agents to identify signs of child molestation or inappropriate sexually related behavior to children and/or physical

*2023-00233-TT*

and/or emotional abuse of children by fellow employees, associates, and/or individuals within its control, oversight, supervision, and/or ostensible control;

k.   Negligent retention of and/or failure to terminate Barry, Rick, Michelle, and/or other staff members, and/or other sexually inappropriate and/or abusive individuals from or associated VisionQuest, promoting a culture and environment of complicity, denial and deception regarding child abuse at VisionQuest;

l.   Failure to exercise due care under the relevant circumstances, as it pertains to the preceding and subsequent subsections, and to be considered as a whole;

m.   Recklessly, negligently and/or carelessly failing to observe, manage, direct, oversee, and supervise the relationship between Leque Ball and Barry, Rick, Michelle, and/or other staff members;

n.   Recklessly, negligently and/or carelessly failing to have proper and effective policies and procedures to require adequate observation, management, oversight, and supervision of the relationship between VisionQuest staff, including, but not limited to, Barry, Rick, Michelle, and/or other staff members and the Plaintiff;

o.   Recklessly, negligently and/or carelessly failing to recognize the conduct of Barry, Rick, Michelle, and/or other staff members and behavior prior to the events in question and/or as described herein as creating a risk of sexual, physical, and/or emotional abuse toward children, including, but not limited to, Leque Ball;

p.   Recklessly, negligently and/or carelessly failing to have proper policies and procedures to require adequate observation, management, oversight, and supervision of Leque Ball and Barry, Rick, Michelle, and/or other staff members;

q.   Failing to investigate complaints that Barry, Rick, Michelle, and/or other staff members was behaving inappropriately and/or touching children inappropriately, including, but not limited to, Leque Ball;

r.   Recklessly, negligently and/or carelessly failing to identify Barry, Rick, Michelle, and/or other staff members as a sexual, physical, and/or emotional abuser;

s.   Recklessly, negligently and/or carelessly failing to investigate behavior of Barry, Rick, Michelle, and/or other staff members that put the Defendant on notice and/or should have placed Defendant on notice that Barry, Rick, Michelle, and/or other staff members was/were and/or might have been an abuser, potential pedophile and/or sexual predator;

t.   Recklessly, negligently and/or carelessly failing to identify Barry, Rick, Michelle, and/or other staff members was a potential pedophile and/or sexual predator;

u.   Failing to detect a rampant and open culture of sexual, physical, and/or emotional abuse of children in VisionQuest's care;

v.   Failing to stop a rampant and open culture of sexual, physical, and/or emotional abuse of children in VisionQuest's care;

13

w. Violating the Juvenile Justice Act, 42 Pa.C.S. §§ 6327(a), pertaining to juveniles being housed in a location "where the child is apt to be abused by other children" 42 Pa.C.S. §§ 6327(a);

x. Failing to prevent the abuse of children by other residents;

y. Facilitating an environment where residents were encouraged to sexually, physically, and/or emotionally abuse other residents;

z. Threatening VisionQuest residents with physical and/or sexual harm in an attempt to prevent them from reporting abuse, and/or otherwise threatening punishment (e.g., home passes) if the abuse was reported;

aa. Refusing to allow parents of VisionQuest residents reasonable access to their children;

bb. Preventing VisionQuest residents from seeking appropriate medical attention for injuries caused by VisionQuest staff;

cc. Preventing VisionQuest residents from honestly disclosing the causes of their injuries to medical personnel;

dd. Violating state standards for juvenile correctional facilities.

64.    Defendant, VisionQuest, was negligent under the facts as detailed within this Complaint in that this Defendant failed to use that degree of care, precaution and vigilance that a reasonably prudent person or entity would use under the same or similar circumstances, including, but not limited to, the negligent affirmative acts detailed in this Complaint that a reasonably prudent person or entity would not have done, and also the negligent omission or failure to act and/or take precautions as detailed in this Complaint that a reasonably prudent person or entity would have done or taken under these circumstances.

65.    The actions of Barry, Rick, Michelle, and/or other staff members as described herein are evidence of negligence *per se* attributable to the Defendant, VisionQuest.

66.    Defendant, VisionQuest, is vicariously liable for both the negligent and intentional acts of Barry, Rick, Michelle, and/or other staff members, their employees, where it is widely known that there is vulnerability of children and a public policy to protect said children from victimization, and imposes responsibility upon those individuals and institutions in the best position to know of and stop the abuse to said children, such as the Defendant herein.

14

**WHEREFORE,** Plaintiff, Leque Ball, demands judgment against Defendant, VisionQuest, in an amount in excess of Fifty Thousand Dollars ($50,000.00), exclusive of prejudgment interest, costs and damages for pre-judgment delay, punitive damages, and such other legal and equitable relief as the Court deems appropriate.

### *NEGLIGENT SUPERVISION*

### COUNT 2 – NEGLIGENT SUPERVISION

**Plaintiff Leque Ball**
v.
**Defendant VisionQuest**

67.     The previous paragraphs set forth above are incorporated herein by reference.

68.     Defendant, VisionQuest, knew or should have known of the need to properly and effectively observe, manage, direct, oversee, and/or supervise staff, teachers, counselors, employees, agents, servants, representatives, and/or ostensible agents in their relationships with young children.

69.     Defendant, VisionQuest, knew or should have known of the particular risk posed by Barry, Rick, Michelle, and/or other staff members based on, among other things, their inappropriate and/or questionable conduct, their history of sexually, physically, and/or emotionally abusing children, and/or their behavior indicative of an intent to isolate, groom, and/or facilitate sexually contacting and/or abusing a young minor child, including the abuse by Barry, Rick, Michelle, and/or other staff members of Plaintiff.

70.     Barry, Rick, Michelle, and/or other staff members' sexual abuse of Plaintiff gradually increased in frequency and intensity over time.

71.     The negligence, carelessness, and/or recklessness of Defendant, VisionQuest, for the conduct of their actual or apparent staff, teacher, counselors, employees, agents, servants, representatives, and/or ostensible agents, in the hiring, certifying, assigning, observation, retaining, supervision, management, oversight, direction, administration, and/or otherwise control of Barry, Rick, Michelle, and/or other staff members consists of one or more of the following:

15

a.  Negligent hiring, certifying, assigning, observation, retaining, supervision, management, oversight, direction, administration, and/or otherwise control of staff and/or teachers and/or counselors in the employ of VisionQuest and/or Defendant;

b.  Failing to use due care in hiring, certifying, assigning, observation, retaining, supervision, management, oversight, direction, administration, and/or otherwise control of Barry, Rick, Michelle, and/or other staff members and the relationship of Barry, Rick, Michelle, and/or other staff members with Plaintiff, Leque Ball; and

c.  Failing to investigate and supervise Barry, Rick, Michelle, and/or other staff members and his relationship with Leque Ball.

**WHEREFORE,** Plaintiff, Leque Ball, demands judgment against Defendant, VisionQuest, individually, jointly and/or severally, in an amount in excess of Fifty Thousand Dollars ($50,000.00), exclusive of prejudgment interest, costs and damages for pre-judgment delay, punitive damages, and such other legal and equitable relief as the Court deems appropriate.

### *NEGLIGENT HIRING AND RETENTION*

### <u>COUNT 3 – NEGLIGENT HIRING AND RETENTION</u>

**Plaintiff Leque Ball**
**v.**
**Defendant, VisionQuest**

72.    The previous paragraphs set forth above are incorporated herein by reference.

73.    Defendant, VisionQuest, knew and/or should have known prior to and/or contemporaneous with the relevant time frame during which Leque Ball was sexually abused by Barry, Rick, Michelle, and/or other staff members that Plaintiff and other young children affiliated and/or associated with VisionQuest were vulnerable to and potential victims of sexual, physical, and/or emotional abuse.

74.    Defendant, VisionQuest, also knew and/or should have known prior to and/or contemporaneous with the relevant time frame during which Leque Ball was sexually abused by Barry, Rick, Michelle, and/or other staff members that the access to vulnerable youths, together with the trust

16

and authority placed in staff and/or teacher, which makes working at a juvenile residential care facility an enticing profession for sexual predators, and/or others seeking to abuse and exploit children.

75.    Defendant, VisionQuest, owed a duty to exercise reasonable care in the hiring, certifying, assignment, control, selection and/or retention of staff, teacher, counselors, employees, agents, servants, representatives, and/or ostensible agents, situated in and/or located at the Defendant, VisionQuest, and specifically a duty to be on high look out for possible pedophiles, sexual predators, and others seeking to abuse and exploit children.

76.    Defendant, VisionQuest, failed to exercise reasonable care in the hiring, certifying, assignment, control, selection and/or retention of Barry, Rick, Michelle, and/or other staff members as a staff, teacher, employee, agent, servant, representative and/or ostensible agent, among other things, the following:

    a.    Failing to conduct a thorough and proper background check of Barry, Rick, Michelle, and/or other staff members;

    b.    Failing to thoroughly and reasonably investigate Barry, Rick, Michelle, and/or other staff members' sexual history or history of physical abuse;

    c.    Failing to learn of or investigate Barry, Rick, Michelle, and/or other staff members' history of sexual impropriety with young boys and/or girls and their proclivity to sexual assault young boys and/or girls and/or physical and/or emotional abuse of children;

    d.    Failing to conduct a thorough and proper interview with Barry, Rick, Michelle, and/or other staff members;

    e.    Failing to investigate whether Barry, Rick, Michelle, and/or other staff members had any inappropriate sexual interest in young boys and/or girls;

    f.    Failing to use due care in the selection of Barry, Rick, Michelle, and/or other staff members as a staff and/or teacher rendering academic, rehabilitation, and/or delinquent services, and/or all other services rendered when standing *in loco parentis* and/or interacting with children;

    g.    Failing to use due care in the retention of Barry, Rick, Michelle, and/or other staff members as a staff and/or teacher rendering academic, rehabilitation, and/or delinquent services, and/or all other services rendered when standing *in loco parentis* and/or interacting with children;

    h.    Recklessly, negligently and/or carelessly failing to adequately check the background of Barry, Rick, Michelle, and/or other staff members, before hiring him as a staff and/or

17

teacher rendering academic, rehabilitation, and/or delinquent services, and/or all other services rendered when standing *in loco parentis* and/or interacting with children; and

i.   Recklessly, negligently and/or carelessly failing to have policies and procedures in place to screen staff and/or teachers for the possibility of being sexual predators and/or physical and/or emotional abusers.

**WHEREFORE,** Plaintiff, Leque Ball, demands judgment against Defendant, VisionQuest, in an amount in excess of Fifty Thousand Dollars ($50,000.00), exclusive of prejudgment interest, costs and damages for pre-judgment delay, punitive damages, and such other legal and equitable relief as the Court deems appropriate.

### *GROSS NEGLIGENCE*

### COUNT 4 – GROSS NEGLIGENCE

**Plaintiff Leque Ball**
**v.**
**Defendant VisionQuest**

77.   The previous paragraphs set forth above are incorporated herein by reference.

78.   Defendant, VisionQuest, was grossly negligent under the facts as detailed within this Complaint in that this Defendant acted with complete disregard of the rights, safety, and well-being of others; in a palpably unreasonable manner; in an outlandish fashion; and/or failed to exercise slight care or diligence under these circumstances.

**WHEREFORE,** Plaintiff, Leque Ball, demands judgment against Defendant, VisionQuest, in an amount in excess of Fifty Thousand Dollars ($50,000.00), exclusive of prejudgment interest, costs and damages for pre-judgment delay, punitive damages, and such other legal and equitable relief as the Court deems appropriate.

### *NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS*

### COUNT 5 – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

18

*2023-00233-TT*

**Plaintiff Leque Ball**
v.
**Defendant VisionQuest**

79.     The previous paragraphs set forth above are incorporated herein by reference.

80.     At all times relevant and material hereto, VisionQuest had a duty to exercise reasonable care to protect Plaintiff from harm while in its care.

81.     Under Pennsylvania statutes and regulation, VisionQuest owed Plaintiff an affirmative duty of care to ensure their safety and well-being and provide them with adequate protection and medical care while in their care.

82.     Defendant, VisionQuest, had a contractual and fiduciary duty of care to Plaintiff while in their custody and control.

83.     Defendant, VisionQuest, breached their duties by failing to provide Plaintiff a safe environment and exposing him to abusive and violent conduct from which he suffered sexual abuse and emotional injury.

84.     As a result of VisionQuest's failure, Plaintiff's emotional harm was so extreme that a reasonable person should not and cannot be expected to endure the resulting stress. The severe emotional harm that Plaintiff suffered includes, but is not limited to: horror, pain, anxiety, worry, shock, severe post-traumatic stress, humiliations, embarrassment, shame, feelings of powerlessness, anger aggression, fear and distrust of authority, severe stress, difficulty sleeping, nightmares, night sweats, depression, emotional withdrawal, and difficulty coping with daily life. Plaintiff continues to struggle, cope, and attempt to heal from his emotional distress.

85.     Defendant, VisionQuest's, negligence was the proximate cause of Plaintiff's severe emotional distress and harm.

**WHEREFORE,** Plaintiff, Leque Ball, demands judgment against Defendant, VisionQuest, individually, jointly and/or severally, in an amount in excess of Fifty Thousand Dollars ($50,000.00),

19

*2023-00233-TT*

exclusive of prejudgment interest, costs and damages for pre-judgment delay, punitive damages, and such other legal and equitable relief as the Court deems appropriate.

### *BREACH OF FIDUCIARY DUTY*

### <u>COUNT 6 – BREACH OF FIDUCIARY DUTY</u>

**Plaintiff, Leque Ball**
v.
**Defendant, VisionQuest**

86.    The previous paragraphs set forth above are incorporated herein by reference.

87.    By virtue of their status as owners and/or supervisors of a juvenile residential care facility and/or community based detention shelter, Defendant, VisionQuest, bore a fiduciary relationship to Plaintiff and other children and persons at VisionQuest.

88.    Defendant, VisionQuest, had fiduciary duties to avoid harming children and to protect them from harm at the hands of staff, teachers, counselors, employees, agents, servants, representatives, and/or ostensible agents hired, certified, assigned, retained, supervised, managed, overseen, directed, administrated, and/or otherwise controlled by and for said Defendants.

89.    Defendant breached their fiduciary duties by acting or failing to act in accordance with their fiduciary duties and/or as alleged in this Complaint.

90.    Plaintiff suffered the above-averred harms and damages as a result of Defendant, VisionQuest's breach of their fiduciary duty.

**WHEREFORE,** Plaintiff, Leque Ball, demands judgment against Defendant, VisionQuest individually, jointly, and/or severally, in an amount in excess of Fifty Thousand Dollars ($50,000.00), exclusive of prejudgment interest, costs and damages for pre-judgment delay, for punitive damages, and such other legal and equitable relief as the Court deems appropriate.

**LEVY BALDANTE FINNEY & RUBENSTEIN, P.C.**

20

*2023-00233-TT*

By:     */s/ Martin G. Rubenstein*
        MARTIN G. RUBENSTEIN, ESQUIRE
        STACY L. HUGHES, ESQUIRE
        DANIELLE DEROHANNESIAN, ESQUIRE
        Attorneys for Plaintiff

**CORNERSTONE LEGAL GROUP**

By:     */s/ D. Wesley Cornish*
        D. WESLEY CORNISH, ESQUIRE
        Attorney for Plaintiff

Date:    May 4, 2023

*2023-00233-TT*

## VERIFICATION

I, Martin G. Rubenstein, Esquire, am an attorney for the Plaintiff in the foregoing Complaint, and state that the facts set forth therein are true and correct to the best of my knowledge, information and belief; and that this statement is made subject to the penalties of 18 Pa.C.S. §4904, which relates to unsworn falsification to authorities. Plaintiff is unable to verify this Complaint within the time required for the filing of this Pleading; however, his Verification will be substituted for this Verification in the near future.

**LEVY BALDANTE FINNEY & RUBENSTEIN, P.C.**

By:    /s/ Martin G. Rubenstein
MARTIN G. RUBENSTEIN, ESQUIRE
STACY L. HUGHES, ESQUIRE
DANIELLE DEROHANNESIAN, ESQUIRE
*Attorneys for Plaintiffs*

Dated: May 4, 2023

22

*2023-00233-TT*

# EXHIBIT "3"

6.  VisionQuest National, LTD. previously operated a facility located at 150 East Pennsylvania Avenue, Suite 430, Downingtown, Pennsylvania, 19335. However, that facility closed in September 2015 and has not operated since that time.

7.  The facility located at 150 East Pennsylvania Avenue, Suite 430, Downingtown, Pennsylvania, 19335, did not serve as corporate headquarters or a principal place of business for VisionQuest National, LTD. at any time.

BY
YOUSEF AWWAD
CHIEF EXECUTIVE OFFICER AND
CHIEF FINANCIAL OFFICER,
VISIONQUEST NATIONAL, LTD.

Sworn to and subscribed before me
this 8th day of May, 20 23



NOTARY PUBLIC
My Commission Expires: 6-16-24

JANA S. CLARK
NOTARY PUBLIC - ARIZONA
PIMA COUNTY
COMMISSION #584753
MY COMMISSION EXPIRES
JUNE 16, 2024

# EXHIBIT "4"

**DEASEY, MAHONEY & VALENTINI, LTD.**
By:  Gerald J. Valentini, Esquire
    Michael P. Rausch, Esquire
    J.D. Feenane, Esquire
Attorney I.D. Nos. 58261/74286/319480
1601 Market Street, Suite 3400
Philadelphia, PA  19103-2301
Phone (215) 587-9400
Fax (215) 587-9456
gvalentini@dmvlawfirm.com

                                    *Attorneys for Defendant,*
                                    *VisionQuest National, LTD.*

| | |
|---|---|
| LEQUE BALL<br><br>         v.<br><br>VISIONQUEST NATIONAL, LTD. | COURT OF COMMON PLEAS<br>CHESTER COUNTY<br><br>No. 2023-00233-TT |

### PRAECIPE TO FILE NOTICE OF REMOVAL

TO THE PROTHONOTARY:

      Kindly file the attached copy of the Notice of Removal, the original of which was filed

with the Clerk of the United States District Court for the Eastern District of Pennsylvania on May

9, 2023.  This Notice of Removal was filed pursuant to 28 U.S.C. §1446 (d).

                                        **DEASEY, MAHONEY & VALENTINI, LTD.**

                BY:   _____
                               GERALD J. VALENTINI, ESQUIRE

Date: May 9, 2023

**DEASEY, MAHONEY & VALENTINI, LTD.**
By:  Gerald J. Valentini, Esquire
    Michael P. Rausch, Esquire
    J.D. Feenane, Esquire
Attorney I.D. Nos. 58261/74286/319480
1601 Market Street, Suite 3400
Philadelphia, PA  19103-2301
Phone (215) 587-9400
Fax (215) 587-9456
gvalentini@dmvlawfirm.com

*Attorneys for Defendant,*
*VisionQuest National, LTD.*

| | |
|---|---|
| LEQUE BALL<br><br>     v.<br><br>VISIONQUEST NATIONAL, LTD. | COURT OF COMMON PLEAS<br>CHESTER COUNTY<br><br>No. 2023-00233-TT |

### CERTIFICATE OF SERVICE

    I hereby certify that on May 9, 2023, a copy of the foregoing Praecipe to File Notice of Removal was served upon counsel via e-filing.

                         **DEASEY, MAHONEY & VALENTINI, LTD.**

BY: _____
                      GERALD J. VALENTINI, ESQUIRE

Date: May 9, 2023

# EXHIBIT "5"

**DEASEY, MAHONEY & VALENTINI, LTD.**                              *Attorneys for Defendant,*
By:  Gerald J. Valentini, Esquire                                 *VisionQuest National, LTD.*
     Michael P. Rausch, Esquire
     J.D. Feenane, Esquire
Attorney I.D. Nos. 58261/74286/319480
1601 Market Street, Suite 3400
Philadelphia, PA  19103-2301
Phone (215) 587-9400
Fax (215) 587-9456
gvalentini@dmvlawfirm.com

| | |
|---|---|
| LEQUE BALL<br><br>              v.<br><br>VISIONQUEST NATIONAL, LTD. | COURT OF COMMON PLEAS<br>CHESTER COUNTY<br><br>No. 2023-00233-TT |

<u>**NOTICE TO PLAINTIFF**</u>

TO:    David Wesley Cornish, Esquire
       Cornerstone Legal Group
       230 Broad Street 17th Floor
       Philadelphia, PA 19102

       Martin G. Rubenstein, Esquire
       Levy Baldante, Finney & Rubenstein, P.C.
       1845 Walnut Street Suite 1300
       Philadelphia, PA 19103

       Please take notice that Defendant, VisionQuest National, LTD., has filed a Notice of

Removal in the United States District Court for the Eastern District of Pennsylvania, removing this

civil action now pending in the Court of Common Pleas of Chester County pursuant to 28 U.S.C.

§1441, et seq. Also, please take notice that Defendant has filed in the United States District Court

for the Eastern District of Pennsylvania a copy of the Complaint served upon it which was filed in

the Court of Common Pleas of Chester County.

       Copies of this Notice of Removal and Complaint are attached to this Notice and along with

this Notice are being served upon you.

**DEASEY, MAHONEY & VALENTINI, LTD.**

BY: _____
GERALD J. VALENTINI, ESQUIRE
Counsel for Defendant,
VisionQuest National, Ltd.

Date: May 9, 2023

**DEASEY, MAHONEY & VALENTINI, LTD.**                    *Attorneys for Defendant,*
By:  Gerald J. Valentini, Esquire                        *VisionQuest National, LTD.*
     Michael P. Rausch, Esquire
     J.D. Feenane, Esquire
Attorney I.D. Nos. 58261/74286/319480
1601 Market Street, Suite 3400
Philadelphia, PA  19103-2301
Phone (215) 587-9400
Fax (215) 587-9456
gvalentini@dmvlawfirm.com

| | |
|---|---|
| LEQUE BALL | COURT OF COMMON PLEAS |
| v. | CHESTER COUNTY |
| VISIONQUEST NATIONAL, LTD. | No. 2023-00233-TT |

## CERTIFICATE OF SERVICE

I hereby certify that on May 9, 2023, a copy of the foregoing Notice to Plaintiff was served upon counsel via e-filing.

**DEASEY, MAHONEY & VALENTINI, LTD.**

BY:  _____
     GERALD J. VALENTINI, ESQUIRE
     Counsel for Defendant,
Date: May 9, 2023                          VisionQuest National, Ltd.